Case 2:23-cv-00264   Document 18   Filed on 02/23/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
February 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL ALVARADO GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00264 |
| | § | |
| OSCAR RIVERA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DISMISS CASE**

Plaintiff Daniel Alvarado Gonzalez, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that: (1) all of Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

**I.     JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    PROCEDURAL BACKGROUND**

Plaintiff Daniel Alvarado Gonzalez, proceeding *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's allegations arise in connection with his confinement as a pre-trial detainee in the San Patricio County Jail in Sinton, Texas.  In this action, Plaintiff sues San Patricio County Sheriff Oscar Rivera and Mary Rodriguez from the jail's medical staff.  Plaintiff files this action for money damages and to receive access to better medical care, although he fails to allege how or why his current medical care is inadequate.  (D.E. 1, Pages 1, 4).

The Court received Plaintiff's Original Complaint on October 18, 2023.  (D.E. 1). After Plaintiff corrected certain deficiencies, his application to proceed *in forma pauperis* was granted on December 8, 2023.  (D.E. 9).  On January 8, 2024, by written order the undersigned cautioned Plaintiff his complaint was deficient and was subject to being dismissed for a number of reasons.  (D.E. 12). The deficiencies included failing to allege sufficient facts, failing to describe his medical condition or how his treatment was inadequate and providing confusing and conclusory allegations.  (D.E. 12).  The undersigned granted Plaintiff the opportunity to cure the deficiencies by filing an amended complaint on or before February 2, 2024.  (D.E. 12).  Plaintiff's instructions included:

> "… 4. Plaintiff must describe the facts and allegations in more detail, state his claims clearly, describe what each defendant did to violate Plaintiff's rights, explain his injuries, and describe the specific relief he is seeking in this civil action;
>
> 5. Plaintiff must fully complete another inmate civil rights form as part of his Amended Complaint. Plaintiff may use additional sheets of paper; and
>
> 6. Plaintiff shall not reference or incorporate by reference his original complaint. His amended complaint will take the place of the original complaint and will become the only operative pleading in this case. When conducting its frivolity review and deciding whether Plaintiff's claims should be retained or dismissed, the Court will not consider any matter raised in the original complaint or any other pleading. The Court will only consider matters raised in the Amended Complaint."

On January 31, 2024, the Court received a letter from Plaintiff in which he complained that he does not trust the medical staff in the facility, and that he is afraid of the coronavirus because he has never been vaccinated. He also indicates in the letter that he will be submitting another request to be seen by a doctor. (D.E. 13). On February 5, 2024, the undersigned entered another deficiency order in which the undersigned cautioned Plaintiff that he had not filed an amended complaint as ordered and that his complaint was subject to dismissal. (D.E. 14). The undersigned again explained to Plaintiff the nature of his pleading deficiencies, including failing to allege sufficient facts. (D.E. 14). The undersigned *sua sponte* extended Plaintiff's deadline to file an amended complaint to February 19, 2024. (D.E. 14). Further, the undersigned ordered Plaintiff to comply with the January 8, 2024 deficiency order with regard to the requirements of Plaintiff's amended complaint. (D.E. 14).

On February 5, 2024, the Court received a two page letter from Plaintiff entitled Plaintiff's Amended Complaint. (D.E. 16). Plaintiff's amended complaint does not comply with the undersigned's deficiency order. In addition to failing to fill out the inmate civil rights form, he also failed to allege any factual basis for his claims. Plaintiff references a hernia procedure in 2010 when he was a TDCJ inmate and he indicates that he is in pain and he complains of being the victim. (D.E. 16). However, he also indicates he has been seen by doctors and nurses in the medical department and has been prescribed "a stronger dose of IBU 800 milligram or Tylenol T." (D.E. 16, Page 1). Plaintiff disagrees with being prescribed Tylenol because "I'm sober and don't want to get hooked on any meds." (D.E. 16, Page 2). Plaintiff generally references his desire to hold the manufactures of the "mesh" accountable. This appears to be a reference to his dissatisfaction with his 2010 hernia procedure.

On February 14, 2024, the Court received a second letter from Plaintiff, also entitled Plaintiff's Amended Complaint. (D.E. 17). In this pleading, Plaintiff requests a hearing in which the Sheriff, doctor, and Judge come together to solve Plaintiff's problems. Plaintiff complains of being stressed out and scared. (D.E. 17). Plaintiff requests that his needs be met and "to go after the manufacturer." (D.E. 17). Plaintiff also asks that the "mesh" from his 2010 hernia procedure be removed.

In construing and evaluating Plaintiff's pleadings, the undersigned has considered Plaintiff's original complaint (D.E. 1) and Plaintiff's two amended complaints. (D.E. 16 & D.E. 17).

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."

*Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   Deliberate Indifference to Serious Medical Needs

Liberally construed, Plaintiff alleges Sheriff Rivera and medical staff member Mary Rodriguez acted with deliberate indifference to his serous medical needs. Plaintiff does not allege how his medical care while an inmate at the San Patricio County Jail has been

inadequate.  Plaintiff does not allege any facts about what Sheriff Rivera or Ms. Rodriguez did, or failed to do, in connection with Plaintiff's medical care.  Other than complaining generally about abdominal pain, which Plaintiff associates with a 2010 hernia procedure, Plaintiff has not alleged a single fact to support his conclusory assertion  that he is being provided inadequate medical care.

Plaintiff is a pretrial detainee and, therefore, his deliberate indifference claim arises under the 14th Amendment.  *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015).  However, the "Fourteenth Amendment case law concerning pretrial detainees [is based] on the Supreme Court's Eighth Amendment precedent concerning prisoners." *Garza v. City of Donna*, 922 F.3d 626, 634 (5th Cir. 2019).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) *Farmer*, 511 U.S. at 834.  In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)).  To prove the subjective prong of the deliberate indifference test, the inmate "must

show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citation omitted). Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be shown when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment. *Estelle*, 429 U.S. at 104-05. A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*" *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006) (emphasis in original).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert*, 463 F.3d at 346.

Plaintiff is not satisfied with his medical care at the San Patricio County Jail and the undersigned recognizes the risk of medical neglect of incarcerated persons is a serious concern. The undersigned finds it significant that Plaintiff's pleadings indicate he is being seen by medical personnel at the San Patricio County Jail. Plaintiff has been examined and treated by doctors and nurses. (D.E. 16, Page 1). Additionally, Plaintiff has been prescribed what he describes as a "stronger dose of IBU 800 milligram or Tylenol T." (D.E. 16, Page 1). Plaintiff agreed to take the Tylenol but appears to have refused or disagreed with any other medication because "I am sober and don't want to get hook on any meds." (D.E. 16, Page 2).

In his Amended Complaint received by the Court on February 5, 2024, Plaintiff reports having been seen in the infirmary on January 30, 2024, but not by a doctor. (D.E. 16, Page 2). Plaintiff vaguely references having had a hernia procedure in 2010 while a TDCJ inmate. (D.E. 16, Page 2). Plaintiff appears to allege he is having pain in his abdominal area which he associates with the prior surgery procedure. Plaintiff alleges that he wants the mesh from the 2010 hernia procedure removed. (D.E. 17, Page 3). However, Plaintiff does not allege any facts to indicate the medical personnel have failed to attend to Plaintiff's medical needs. Plaintiff's vague and conclusory pleadings are an indication that this is a case of disagreement with the decisions of the medical staff rather than one of medical neglect or deliberate indifference.

Despite being advised of his pleading deficiencies and filing two amended complaints, Plaintiff has not alleged that the defendants or other persons at the San Patricio

9 / 14

County Jail refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for his condition. Rather, Plaintiff alleges he wants to be seen by a "good doctor" and that he disagrees with the course of treatment he is currently receiving. (D.E. 16, Page 2).

Plaintiff has been advised and cautioned that he has failed to provide sufficient facts to support his claims. (D.E. 21, D.E. 14). In these warnings, the undersigned cautioned Plaintiff his complaint is deficient and that this case is subject to dismissal. Despite being warned and filing amended complaints, his pleadings are entirely conclusory and should be dismissed. *Iqbal*, 556 U.S. at 678. Plaintiff has not alleged sufficient facts raise a reasonable inference that any defendant or other person is liable. *Id.*; *Twombly*, 550 U.S. at 556.

The undersigned respectfully recommends Plaintiff's deliberate indifference claims against Sheriff Oscar Rivera and Mary Rodriguez be dismissed for failure to state a claim.

### B. Supervisory and/or County Liability

Plaintiff names San Patricio County Sheriff Oscar Rivera as a defendant. Plaintiff does not allege Sheriff Rivera had any personal involvement in Plaintiff's medical care while Plaintiff has been an inmate. "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-44 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d

183, 189 (5th Cir. 2011) (The acts of subordinates do not trigger individual § 1983 liability for supervisory officials).

"Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Mere knowledge and acquiescence on a supervisor's part is insufficient to create supervisory liability under § 1983." *Doe v. Bailey*, No. H-14-2985, 2015 WL 5737666, at *9 (S.D. Tex. Sep. 30, 2015) (citing *Iqbal*, 556 U.S. at 677).

Plaintiff alleges nothing to suggest Sheriff Rivera had any personal involvement with regard to treating Plaintiff's medical conditions. Plaintiff further alleges nothing to indicate Sheriff Rivera engaged in any behavior to create supervisory liability. Finally, to the extent Plaintiff's complaint could be construed as a claim against San Patricio County, Plaintiff fails to raise a viable claim. A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). *See also Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation). In addition to failing to allege sufficient facts, Plaintiff has failed to allege any constitutionally infirm municipal custom or policy.

Therefore, the undersigned respectfully recommends that Plaintiff's deliberate indifference claims against San Patricio County Sheriff Oscar Rivera be dismissed with prejudice for failure to state a claim for relief.

### C. Claims Not Specifically Addressed in this Memorandum

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has liberally construed Plaintiff's pleadings to give his claims fair and meaningful consideration. Before entering this recommendation to dismiss, the undersigned warned Plaintiff of his pleading deficiencies and allowed Plaintiff to amend his pleadings. Plaintiff filed two amended complaints which have been considered by the undersigned. The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such

claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Therefore, Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## V.   RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends that: (1) all of Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on February 23, 2024.

Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).